```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

CMBB LLC,                             )
                                      )
                 Plaintiff,           )
                                      )
     v.                               )   No.  08 C 1201
                                      )
LOCKWOOD MANUFACTURING, INC.,         )
et al.,                               )
                                      )
                 Defendants.          )
```

<u>MEMORANDUM ORDER</u>

This action has come to this Court's calendar under this District's random assignment system. This memorandum order is issued sua sponte in accordance with the continuing mandate from our Court of Appeals (see, e.g., <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)) that the policing of subject matter jurisdiction is a compulsory matter.

It is time that complaints such as the present one should trigger an automatic dismissal when counsel for any plaintiff limited liability company clearly fails to carry the plaintiff's burden of establishing subject matter jurisdiction. In July of this year a full decade will have elapsed since our Court of Appeals meticulously spelled out the requirements in that respect (<u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998), a message that our Court of Appeals has since had to repeat again and again (see, e.g., <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006) and <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 533-34 (7th Cir. 2007)) and that District Judges are compelled to

repeat even more frequently.

There has to be some cost attached to the total disregard of such a long- and firmly-established jurisdictional principle. Moreover, Complaint ¶¶4 and 7 speak only of individual defendant Jennifer Bryan's residence rather than her state of citizenship (see, e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)).

Hence this action is dismissed for want of the proper establishment of subject matter jurisdiction in two respects. Nonetheless, if a timely motion were to be filed under Fed. R. Civ. P. 59(e) that demonstrates that the requisite diversity is indeed present, this Court would consider granting such a motion on condition that plaintiff CMBB LLC pay into court the same $350 amount that would be applicable to a newly-filed action.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 29, 2008