IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CMBB LLC,** | |
| Plaintiff, | |
| v. | No. 08 cv 1201 |
| **Lockwood Manufacturing Inc., Jennifer M. Bryan, and Cainco Equipamentos Para Panificado, Ltd.,** | Judge Shadur<br>Magistrate Judge Valdez |
| Defendant. | |

### DEFENDANT CAINCO EQUIPAMENTOS PARA PANIFICADO, LTD.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(2), Defendant Cainco Equipamentos Para Panificado, Ltd. ("Cainco") submits this "Memorandum in Support of its Motion to Dismiss Plaintiffs' Amended Complaint."

### INTRODUCTION

This Court lacks in personam jurisdiction over Cainco, a Brazilian corporation engaged in the business of the manufacture of commercial baking pans. As reflected both in the allegations of the Amended Complaint and the attached Declaration of Mario Casarin (Exhibit A), Cainco is not engaged in business in Illinois. Nor has it been engaged in any alleged wrongful conduct in Illinois.

### ALLEGATIONS OF THE AMENDED COMPLAINT

As it pertains to Cainco, this lawsuit arises out of an alleged relationship Cainco has with Lockwood Manufacturing Inc. ("Lockwood"), a Canadian corporation with its principal place of business in Brantford Ontario. According to the Amended Complaint (the "Complaint"),

"Lockwood is a shareholder of Cainco and purchases commercial baking pans from Cainco for resale in the United States." (Compl. ¶2.)

Although Plaintiff originally filed a six count complaint, all counts except for Count I (misappropriation of trade secrets) have been voluntarily dismissed. With respect to its remaining count, Plaintiff contends that in October 2005, Plaintiff purchased certain assets of Chicago Metallic Corporation ("Chicago Metallic") relating to the sale and manufacturing of commercial baking pans, including alleged confidential and trade secret information related to commercial baking pans. (Compl., ¶8.)

According to Plaintiff, Defendant Jennifer Bryan, who is an Illinois resident, was formerly employed by Chicago Metallic and was permitted to keep the laptop computer she used in her job when she left her job. Plaintiff, however, contends that Bryan's laptop supposedly contained confidential and proprietary information belonging to Chicago Metallic that Chicago Metallic allegedly did not know of or agree to let Bryan keep. (Compl., ¶15.) In the alternative, Plaintiff alleges that Bryan may have improperly accessed this confidential information after she left the employ of Chicago Metallic. (Compl., ¶16.) Plaintiff further alleges that Bryan shared such information with Lockwood, and that Lockwood shared such information with Cainco, and that each of them knew that this information was confidential and a trade secret. (Compl., ¶16.)

## ARGUMENT

### A. THIS COURT LACKS PERSONAL JURISDICTION OVER CAINCO.

The allegations of the Amended Complaint do not provide any basis for the exercise of jurisdiction within Illinois. The lack of jurisdiction becomes even more obvious when Casarin's Declaration (Exhibit A) is considered.

In a diversity case, a federal district court sitting in Illinois has personal jurisdiction over a non-consenting, non-resident defendant only if an Illinois court would have such jurisdiction. *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275-76 (7th Cir. 1997). The three-part inquiry is based on (1) state statutory law; (2) state constitutional law; and (3) federal constitutional law. *Id.* However, because the Illinois long-arm statute authorizes jurisdiction to the constitutional limits, the Seventh Circuit has held that the three-part inquiry collapses into two constitutional inquiries: one state and one federal. *Id.* If jurisdiction is improper under either the United States or Illinois Constitution, the court cannot exercise jurisdiction over the non-resident party. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F.Supp.2d 821 (N.D. Ill. 1999).

For purposes of determining the existence of personal jurisdiction, all uncontroverted facts alleged in the complaint, all facts adequately supported by any affidavit of the plaintiff, and all uncontroverted facts supported by Defendant's affidavits are assumed true. *McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 223 (7th Cir. 1994). A court, however, is "not bound to accept as true a legal conclusion which is couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986). Moreover, Plaintiff bears the burden of establishing that personal jurisdiction over the defendant exists. *RAR, Inc.*, 107 F.3d at 1276. Here, Plaintiff does not and cannot satisfy its burden.

Illinois amended its long-arm statute so that Illinois courts have jurisdiction to the limits allowed under the due process clauses of the Illinois and United States Constitutions. *Gregory Glass v. Kemper Corporation*, 930 F.Supp 332 (N.D. Ill. 1996), citing *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992); *Wilson v. Humphreys, Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990), cert. Denied, 499 U.S. 947 (1991).

Under the Illinois constitutional standard, jurisdiction is to be asserted "only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Mellon First United Leasing v. Hansen*, 301 Ill.App.3d 1041, 1048 (1998), quoting *Rollins v. Ellwood*, 141 Ill.2d 244, 275 (1990). "Due process measures the limits of personal jurisdiction by the strength of the relationship between the defendant and the forum state." *Gregory Glass,* 930 F.Supp. at 338.

Federal due process is similar to Illinois due process. The federal rule requires that the defendant have "minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Company v. Washington,* 326 U.S. 310, 316 (1945). Subject to the limits of due process, such contacts can form the basis for one of two types of jurisdiction over an out-of-state defendant: general or specific. Neither is supported by the contacts present in this case.

### B. CAINCO DOES NOT DO BUSINESS IN ILLINOIS.

**General jurisdiction** can only be exercised over a non-resident defendant when the non-resident defendant has "continuous and systematic" general business contacts with the forum states. *See Helicopteros Nationale de Columbia S.A. v. Hall,* 466 U.S. 408, 416 (1984). Such contacts, however, must be so substantial as to justify suit against the defendant on causes of action which are unrelated to the activities at issue. *See International Shoe,* 326 U.S. at 318. "This is a fairly high standard requiring a great amount of contact." *Gregory Glass,* 930 F.Supp. at 338 (despite coming to Illinois for board meetings and a job interview, having telephone conversations with and writing letters to other Defendants' employees in Illinois and maintaining a banking relationship with First Chicago Bank in Illinois, the defendant's contacts with Illinois

4

were held to be too sporadic, tenuous and insubstantial to warrant the exercise of personal jurisdiction over him in Illinois for matters unrelated to his contacts with Illinois).

Here, Plaintiff does not and cannot allege that Cainco has such "continuous and systematic" contacts with Illinois. Indeed, Cainco has virtually *no* contact at all with Illinois. (See Casarin Declaration, Exhibit A.) Cainco is a Brazilian corporation; all of its employees are employed in Brazil; and all of its products are manufactured in Brazil. (Ex. A at ¶¶'s 3, 4 and 5.) Although Cainco's president Mario Casarin, has visited Illinois, he has done so just once a year since 2006, and each such visit was simply in connection with his attendance at a trade show held in Illinois. (Ex. A at ¶ 11.) In addition, Cainco has only made two sales to bakeries located in Illinois. (Ex. A at ¶ 10.)

There is also nothing in the Amended Complaint to link Cainco to this forum. There are no allegations in this lawsuit to suggest that Cainco did anything to invoke the benefits and protections of Illinois law or that this lawsuit arises out of any contact Cainco had with this forum. Although Cainco manufactures baking pans for Defendant Lockwood, all such pans are delivered to Lockwood's headquarters in Canada. (Ex. A at ¶ 9.) Such contacts by Cainco with Lockwood in Canada do not affect the interests of Illinois and are an insufficient basis to assert jurisdiction over a foreign entity such as Cainco.

### C.   CAINCO HAS NOT TRANSACTED BUSINESS IN ILLINOIS.

**Specific jurisdiction** arises when a defendant's contacts in the forum are related to the controversy at issue. *Helicopteros Nationale de Columbia S.A. v. Hall*, 466 U.S. 408, 414, fn 8, 104 S.Ct. 1868, 1873 (1984). In specific jurisdiction cases, a court must "decide whether a defendant has 'purposefully established minimum contacts within the forum state' and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." *RAR, Inc.*, 107 F.3d 1277, quoting *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 476-77 (1985). "Crucial to the minimum contacts analysis is showing that the defendant 'should reasonably anticipate being haled into court [in the forum State]'…because the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities there.' *Burger King*, 471 at 474-75, 105 S.Ct. at 2183 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958))." *RAR, Inc.*, 107 F.3d 1277.

Here, Plaintiff fails to allege facts which evidence any connection between Illinois and Cainco, let alone the required minimum contacts necessary to show that Cainco should reasonably have anticipated being haled into court in Illinois because it purposefully availed itself of the privilege of conducting any activities here. Instead, Plaintiff merely alleges that Bryan shared confidential information belonging to Plaintiff with Lockwood and that Lockwood then shared that information with Cainco in Brazil. However, as discussed, there is no allegation that Cainco transacted any business activities in Illinois tied to the lawsuit or that Cainco utilized the information it allegedly obtained from Lockwood to solicit any customers anywhere, let alone in Illinois.

The only allegation that even remotely resembles an attempt to establish jurisdiction is the allegation that Lockwood is a shareholder of Cainco. This allegation, however, falls far short of providing a basis for jurisdiction here. Jurisdiction cannot be based solely on corporate affiliation. *See Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000), *cert. denied*, 532 U.S. 943, 121 S. Ct. 1406 (2001); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13, 104 S.Ct. 1473 (1984) ("jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary").

In short, Plaintiff does not allege anything that would link Cainco to Illinois in such a way that would constitutionally permit the Court to exercise personal jurisdiction over Cainco. Accordingly, this case should be dismissed with prejudice for lack of personal jurisdiction over Cainco.

## CONCLUSION

For the foregoing reasons, Defendant Cainco respectfully request that this Court dismiss the Plaintiff's Amended Complaint against it with prejudice.

Respectfully submitted,

**CAINCO EQUIPAMENTOS PARA PANIFICADO, LTD.**

By: /s/ Anthony C. Valiulis
    **One of Defendant's Attorneys**

Anthony C. Valiulis
Lorne T. Saeks
**Much Shelist Denenberg
   Ament & Rubenstein PC**
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60601
312-521-2000

# Exhibit A

Case 1:08-cv-01201    Document 24    Filed 04/30/2008    Page 8 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CMBB LLC, <br><br> Plaintiff, <br><br> v. <br><br> Lockwood Manufacturing Inc., Jennifer M. Bryan, and Cainco Equipamentos Para Panificação, Ltd., <br><br> Defendant. | No. 08 cv 1201 <br><br> Judge Shadur <br><br> Magistrate Judge Valdez |

## DECLARATION OF MARIO CASARIN

I, Mario Casarin, declare under penalty of perjury that this Declaration is true and correct to the best of my knowledge and belief:

1. I am the president of Cainco Equipamentos Para Panificação, Ltd. ("Cainco).

2. Cainco is a defendant in the above captioned proceeding and I am giving this Declaration in support of Cainco's motion to dismiss Plaintiff's Amended Complaint.

3. Cainco is a limited liability company, incorporated under the laws of Brazil.

4. Cainco is headquartered in Bauru, São Paulo, Brazil, and all of its employees are employed in Brazil.

5. Cainco manufactures commercial baking pans at its manufacturing plant in Bauru and has done so since 1973.

1

6. Cainco has never owned any real or personal property in Illinois. Cainco has have never paid taxes in Illinois.

7. Cainco has never had a telephone listing or address in the State of Illinois.

8. Cainco has never had a bank account in the State of Illinois.

9. Since 2006, Cainco has sold commercial baking pans to Lockwood Manufacturing, Inc. All pans sold to Lockwood are manufactured based upon specification provided to us by Lockwood. When the pans are completed they are delivered to Lockwood's headquarters in Ontario, Canada.

10. I am familiar with the books and records of Cainco. Cainco's business records reflect that since its inception Cainco has made two sales, totaling $22,664 and $7,260, respectively, in which Cainco manufactured baking pans for bakeries located in Illinois.

11. No employees of Cainco have ever traveled to Illinois, except for myself, and I have only traveled to Illinois once per year since 2006, for the purposes of attending the American Society of Baking Engineers trade show which is held in Chicago.

Dated: April 29, 2008

_____
Mario Casarin

## CERTIFICATE OF SERVICE

Anthony C. Valiulis, an attorney, certifies that he caused **Defendant Cainco Equipamentos Para Panificado, Ltd.'s Memorandum in support of Its Motion to Dismiss Plaintiff's Amended Complaint** electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients on this 30th day of April, 2008:

To:    Staci Ketay Rotman
        Franczek Sullivan PC
        300 S. Wacker Drive
        Suite 3400
        Chicago, Illinois 60606
        skr@franczek.com

                                                **/s/ Anthony C. Valiulis**