# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CMBB LLC,

        Plaintiff,

    v.

LOCKWOOD MANUFACTURING, INC., et al.,

        Defendants.

Case No. 08 cv 1201

Judge Shadur

Magistrate Judge Valdez

RESPONSES OF PLAINTIFF CMBB LLC TO DEFENDANTS' REQUESTS TO ADMIT

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff CMBB LLC ("CMBB") hereby responds to Defendants' Requests to Admit as follows:

REQUESTS TO ADMIT

Request No. 1

In the case of American Pan Company vs. Lockwood Manufacturing, Inc., Case No. 3:06-cv-197 (United States District Court for Southern District of Ohio, Western Division at Dayton) (the "American Pan Litigation"), Lockwood produced in discovery the laptop computer which is identified in paragraph 14 of the Complaint (hereafter the "Laptop").

RESPONSE:

CMBB denies that Lockwood produced the Laptop in the American Pan Litigation because the Laptop was made available for copying pursuant to a subpoena served on Defendant Bryan.

Request No. 2

American Pan Company ("American Pan") did not seek to enter a protective order in the American Pan litigation protecting either the Laptop or any of its contents.

RESPONSE:

CMBB objects to this request for admission on the grounds that the information sought to be admitted is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the trade secret or confidential nature of information is determined at the time of misappropriation and not after the information has already been exploited for more than a year. Without waiving this objection, CMBB admits that American Pan did not seek a protective order in the American Pan Litigation protecting either the laptop or its contents but denies that a protective order could have been entered that would have restricted a non-party producing documents in response to a subpoena or other third parties (Cainco) that had already received copies of the materials.

W. E P — II
_____
W. Evan Price II

Request No. 3

In the American Pan Litigation, American Pan did not designate either the Laptop or any of its contents as confidential or a trade secret.

RESPONSE

CMBB objects to this request for admission on the grounds that the information sought to be admitted is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the trade secret or confidential nature of information is determined at the time of misappropriation and not after the information has already been exploited for more than a year. Without waiving this objection, CMBB admits that American Pan did not designate either the Laptop or any of its contents as confidential or trade secret in the American Pan Litigation but denies that the Protective Order entered in that case would have restricted the party producing the materials.

_W. E P— II_

W. Evan Price II

Request No. 4

American Pan is a subsidiary of CMBB.

RESPONSE

CMBB denies that CMBB is a subsidiary of CMBB.

Request No. 5

American Pan is an affiliate of CMBB.

RESPONSE

CMBB admits that American Pan is an affiliate of CMBB.

Request No. 6

CMBB has an ownership interest in American Pan.

RESPONSE

CMBB denies that CMBB has an ownership interest in American Pan.


Request No. 7

CMBB shares common ownership with American Pan.

RESPONSE

CMBB objects to this request as vague and ambiguous based on the undefined term "common ownership." Without waiving this objection, CMBB admits that American Pan and CMBB have members and shareholders in common but denies that the companies have an identity of ownership.

W. E. P. II
_____
W. Evan Price II


Request No. 8

Gilbert Bundy is the president of CMBB and the president of American Pan.

RESPONSE

CMBB admits this request.

Request No. 9

CMBB became aware of the contents of the Laptop relating to the Chicago Metallic Corporation and its customers during the pendency of the American Pan Litigation.

RESPONSE:

CMBB objects to this request for admission on the grounds that the information sought to be admitted is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the trade secret or confidential nature of information is determined at the time of misappropriation and not after the information has already been exploited for more than a year and disseminated to third parties. Without waiving this objection, CMBB admits that CMBB became aware of a portion of the contents of the Laptop relating to the Chicago Metallic Corporation and its customers during the pendency of the American Pan Litigation.

W. E P II
_____
W. Evan Price II

Request No. 10

American Pan became aware of the contents of the Laptop relating to the Chicago Metallic Corporation and its customers during the pendency of the American Pan Litigation.

RESPONSE:

CMBB objects to this request for admission on the grounds that the information sought to be admitted is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence because the trade secret or confidential nature of information is determined at the time of misappropriation and not after the information has already been exploited for more than a year and disseminated to third parties. Without waiving this objection, CMBB admits that American Pan became aware of a portion of the contents of the Laptop relating to the Chicago Metallic Corporation and its customers during the pendency of the American Pan Litigation.

W. E. P. II

W. Evan Price II

Request No. 11

After becoming aware of the contents of the Laptop relating to the Chicago Metallic Corporation and its customers, CMBB took no steps during the pendency of the American Pan Litigation to protect that information or to prevent Lockwood or Bryan from using it.

RESPONSE:

CMBB objects to this request for admission on the grounds that the information sought to be admitted is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the trade secret or confidential nature of information is determined at the time of misappropriation and not after the information has already been exploited for more than a year and disseminated to third parties. CMBB further objects to this request as vague and ambiguous due to the use of the undefined term "steps." Without waiving these objections, CMBB admits that it took no "steps" in the American Pan Litigation during the pendency of that action to protect the

information contained on the Laptop or to prevent Lockwood or Bryan from continuing to use the information because CMBB believed that irreparable harm had already occurred and that the only remedy still available was the instant action for damages.

_W. E P— II_
W. Evan Price II

## Request No. 12

After becoming aware of the contents of the Laptop relating to the Chicago Metallic Corporation and its customers, American Pan took no steps to protect that information or to prevent Lockwood or Bryan from using it.

RESPONSE:

CMBB objects to this request for admission on the grounds that the information sought to be admitted is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the trade secret or confidential nature of information is determined at the time of misappropriation and not after the information has already been exploited for more than a year and disseminated to third parties. CMBB further objects to this request as vague and ambiguous due to the use of the undefined term "steps."  Without waiving these objections, CMBB admits that American Pan took no "steps" in the American Pan Litigation during the pendency of that action to protect the information contained on the Laptop or to prevent Lockwood or Bryan from continuing to use the information because CMBB believed that irreparable harm had already occurred and that the only remedy still available was the instant action for damages.

_W. E P— II_
W. Evan Price II

Request No. 13

Chicago Metallic Corporation did not have a written policy relating to the confidentiality or non-disclosure of any of the property identified in paragraph 8 of the Complaint.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether Chicago Metallic Corporation had a written policy relating to the confidentiality or non-disclosure of any of the property identified in paragraph 8 of the Complaint.

Request No. 14

Chicago Metallic Corporation did not have a written policy identifying as a trade secret any of the property identified in paragraph 8 of the Complaint.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether Chicago Metallic Corporation had a written policy identifying as a trade secret any of the property identified in paragraph 8 of the Complaint.

Request No. 15

CM Products, Inc. did not have a written policy relating to the confidentiality or non-disclosure of any of the property identified in paragraph 8 of the Complaint.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether CM Products had a written policy relating to the confidentiality or non-disclosure of any of the property identified in paragraph 8 of the Complaint.

Request No. 16

CM Products, Inc. did not have a written policy identifying as a trade secret any of the property identified in paragraph 8 of the Complaint.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether CM Products had a written policy identifying as a trade secret any of the property identified in paragraph 8 of the Complaint.

Request No. 17

Bryan did not have a written agreement with Chicago Metallic Corporation relating to the confidentiality or non-disclosure of any of the property identified in paragraph 8 of the Complaint.

RESPONSE:

CMBB admits this request.

Request No. 18

Bryan did not have a written agreement with Chicago Metallic Corporation specifying that any of the property identified in paragraph 8 of the Complaint was considered a trade secret.

RESPONSE:

CMBB admits this request.


Request No. 19

Bryan did not have a written agreement with CM Products, Inc. relating to the confidential or non-disclosure of any of the property identified in paragraph 8 of the Complaint.

RESPONSE:

CMBB admits this request.


Request No. 20

Bryan did not have a written agreement with CM Products, Inc. specifying that any of the property identified in paragraph 8 of the Complaint was considered a trade secret.

RESPONSE:

CMBB admits this request.

Request No. 21

Chicago Metallic Corporation never marked or labeled any of the information identified in paragraph 8 of the Complaint as being confidential.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether Chicago Metallic Corporation ever marked any of the information identified in paragraph 8 of the Complaint as being confidential.

Request No. 22

Chicago Metallic Corporation never marked or labeled any of the information identified in paragraph 8 of the Complaint as constituting a trade secret.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether Chicago Metallic Corporation ever marked any of the information identified in paragraph 8 of the Complaint as constituting a trade secret.

Request No. 23

CM Products, Inc. never marked or labeled any of the information identified in paragraph 8 of the Complaint as being confidential.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether CM Products, Inc. ever marked any of the information identified in paragraph 8 of the Complaint as being confidential.

Request No. 24

CM Products, Inc. never marked or labeled any of the information identified in paragraph of the Complaint as constituting a trade secret.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether CM Products, Inc. ever marked any of the information identified in paragraph 8 of the Complaint as constituting a trade secret.

Request No. 25

Richard Barton ("Barton") knew that prior to Bryan's termination of employment from CM Products, Inc., that Bryan kept information relating to Chicago Metallic Corporation on the Laptop, including information relating to its customers.

RESPONSE:

CMBB admits this request.

Request No. 26

Barton told Bryan that she could keep the Laptop after her employment was terminated in October 2005 from CM Products, Inc.

RESPONSE:

CMBB admits this request.


Request No. 27

Barton did not ask Bryan to remove any information from the Laptop as a condition for her to keep the Laptop after her employment was terminated in October 2005 from CM Products, Inc.

RESPONSE:

CMBB admits that Barton did not recall specifically asking Bryan to remove any information from the Laptop as a condition for her to keep the Laptop after her employment was terminated in October 2005 from CM Products, Inc. but denies that he gave her permission to retain that information because Barton expected Bryan to have the Laptop "stripped" by CM Products, Inc.'s human resources department or that he was aware of the full extent of the information Bryan has claimed was on the Laptop when she was terminated.

Request No. 28

No one at Chicago Metallic Corporation asked Bryan to remove any information or files from the Laptop after her employment was terminated in October 2005.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether anyone at Chicago Metallic Corporation asked Bryan to remove any information or files from the Laptop after her employment was terminated in October 2005.

Request No. 29

No one at CM Products, Inc. asked Bryan to remove any information form the Laptop after her employment was terminated in October 2005.

RESPONSE:

After reasonable inquiry, the information known or readily obtainable to CMBB is insufficient to enable it to admit or deny whether anyone at CM Products, Inc. asked Bryan to remove any information or files from the Laptop after her employment was terminated in October 2005.

Request No. 30

Customer information and records were stored by Chicago Metallic Corporation on a central computer network.

RESPONSE:

CMBB admits this request.

Request No. 31

Chicago Metallic Corporation did not limit access to its central computer network.

RESPONSE

CMBB denies that Chicago Metallic Corporation permitted the public or competitors such as Lockwood and Cainco access to its central computer network.

Request No. 32

Customer information and records were stored by CM Products, Inc. on a central computer network.

RESPONSE:

CMBB admits this request.

Request No. 33

CM Products, Inc. did not limit access to its central computer network.

RESPONSE

CMBB denies that CM Products, Inc. permitted the public or competitors such as Lockwood and Cainco access to its central computer network.

Request No. 34

Chicago Metallic Corporation did not limit access to any of the property identified in paragraph 8 of the Complaint.

RESPONSE:

CMBB denies that Chicago Metallic Corporation permitted the public or competitors such as Lockwood and Cainco access to the property identified in paragraph 8 of the Complaint.

Request No. 35

CM Products, Inc. did not limit access to any of the property identified in paragraph 8 of the Complaint.

RESPONSE

CMBB denies that CM Products, Inc. permitted the public or competitors such as Lockwood and Cainco access to the property identified in paragraph 8 of the Complaint.

Respectfully submitted,

CMBB LLC

By: *W. E. P— II*
One of Its Attorneys

Edward N. Druck
Staci Ketay Rotman
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60606
(312) 986-0300

W. Evan Price, II (Ohio Bar No. 0056134)
BAILEY CAVALIERI LLC
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43215-3422
Telephone:   (614) 221-3155
Telefax:       (614) 221-0479
evan.price@baileycavalieri.com

## PROOF OF SERVICE

I hereby certify that the foregoing Plaintiff CMBB LLC's Responses to Defendants' Requests to Admit was served upon Defendant by sending a copy of it to Defendants' counsel  Anthony C. Valiulis, Esq., and Lorne T. Saeks, Esq., Much Shelist Denenberg Ament & Rubenstein, P.C., 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60606-1615 by Regular U.S. Mail, postage prepaid this 22nd day of July, 2008.

W. Evan Price II                    (0056134)

# EXHIBIT B

ORIGINAL

```
 1        IN THE UNITED STATES DISTRICT COURT
 2           SOUTHERN DISTRICT OF OHIO
 3               WESTERN DIVISION
 4   AMERICAN PAN COMPANY,        )
 5        Plaintiff,              )
 6        -vs-                    ) No. C-3-06-197
 7   LOCKWOOD MANUFACTURING, INC.,)
 8        Defendant.              )
 9
10        The deposition of Richard Barton, taken
11   in the above-entitled cause before Susan Maul, CSR
12   No. 84-2501, a notary public within and for the
13   County of Will and State of Illinois, taken
14   pursuant to the Federal Rules of Civil Procedure
15   for the United States District Courts, 200 North
16   LaSalle Street, Chicago, Illinois, on the 17th of
17   May, A.D., 2007, at the hour of 12:15 o'clock p.m.
18
19
20
21
22
23
24
                                                      1
```

```
 1              I N D E X
 2   WITNESS                    EXAMINATION
 3   Richard Barton
 4     By Mr. Matto                   4
 5     By Mr. Price                  37
 6     By Mr. Matto                  40
 7     By Mr. Price                  46
 8     By Mr. Matto                  47
 9
10
11
12
13
14              E X H I B I T S
15   NUMBER                     MARKED FOR ID
16
17
18          (No exhibits marked.)
19
20
21
22
23
24
                                                      3
```

```
 1   APPEARANCES:
 2      BAILEY, CAVALIERI, LLC
 3      10 West Broad Street
 4      Suite 2100
 5      Columbus, OH 43215-3422
 6      (614) 229-3209
 7      BY:  MR. W. EVAN PRICE, II
 8          On behalf of the Plaintiff;
 9      MUELLER, SMITH & MATTO
10      7700 Rivers Edge Drive
11      Columbus, OH 43235-1355
12      (614) 436-0600
13      BY:  MR. EDWARD A. MATTO
14          On behalf of the Defendant.
15      SEYFARTH & SHAW, LLP
16      131 South Dearborn Street
17      Suite 2400
18      Chicago, IL 60603-5577
19      (312) 460-5000
20      BY:  MS. ANDREA C. OKUN
21
22
23
24
                                                      2
```

```
 1            (Witness sworn.)
 2            RICHARD BARTON,
 3   called as a witness herein, having been first duly
 4   sworn, was examined and testified as follows:
 5            EXAMINATION
 6   BY MR. MATTO:
 7      Q.  Could you please state your full name for
 8   the record?
 9      A.  Richard Douglas Barton.
10      Q.  And your home address?
11      A.  230 White Oak Court, Barrington, Illinois.
12      Q.  And have you ever been deposed before,
13   Mr. Barton?
14      A.  No.
15      Q.  I'm going to ask you a series of
16   questions, and if you will let me finish the
17   question before you answer and I will hopefully let
18   you finish your answer before I ask the next
19   question, that way she can take down everything
20   that we say.
21      If you need me to rephrase a question or
22   clarification of any -- in any way, just let me
23   know.  Also if you need a break, we'll take a
24   break, just let us know that also.
                                                      4
```

1  (Pages  1  to  4)

1  wrapped them up and sent them to Tennessee, so
2  anything that was in the files regarding the
3  commercial bake ware, they got it all, there was
4  nothing left behind.
5      Q.  All right.  And did CM Packaging retain
6  any copies of Chicago Metallic's custom pan price
7  lists from over the years?
8      A.  No.
9      Q.  Would those also have been wrapped up and
10  in file cabinets and sent to American Pan?
11      A.  Well, whatever was not sent, they had a
12  listing of what they wanted, we sent, anything left
13  over I threw in the garbage or had thrown in the
14  garbage.
15      Q.  Okay.  You testified earlier that you did
16  give Jennifer Bryan her laptop that she had used at
17  work?
18      A.  I gave her her laptop, yes.
19      Q.  And that was a laptop that she used while
20  an employee?
21      A.  Yes.
22      Q.  And what entity was she an employee of, do
23  you know?
24      A.  Chicago Metallic.

41

1      Q.  Okay.
2      A.  After Chicago Metallic you mean?
3      Q.  No.  I meant during that time period, if
4  she was an employee of Chicago Metallic or CM
5  Products or CM Packaging.
6      A.  Chicago Metallic.
7      Q.  Okay.  And you were aware, were you not,
8  that as an employee like most other employees, her
9  laptop contained various information relating to
10  Chicago Metallic and its business, right?
11      A.  She had information on her laptop that all
12  employees -- go ahead.
13      Q.  The answer is yes?
14      A.  The answer is yes.
15      Q.  Okay.  Did you instruct her to strip her
16  laptop before she could take it when you gave it to
17  her?
18      A.  I normal practice is the HR department
19  would be working with the person who's leaving with
20  the company and making sure if they're given a
21  laptop, it should have been stripped out.
22      Q.  And do you know whether or not the HR
23  department stripped her laptop?
24      A.  I believe they did not.

42

1      Q.  And why not?
2      A.  They would have.
3      Q.  Okay.  So the HR department's
4  responsibility was to have stripped that laptop
5  according to you?
6      A.  Yes.
7      Q.  And did you give that laptop to her with
8  instructions to go to the HR department?
9      A.  I did not.
10      Q.  Okay.  Did you notify the HR department
11  that you gave her that laptop?
12      A.  Yes.
13      Q.  Okay.  And which HR department are you
14  talking about, CM Packaging or Chicago Metallic
15  portion that went to American Pan?
16      A.  It would be CM Packaging.
17      Q.  I assume -- did Chicago Metallic have a
18  separate HR department?
19      A.  Chicago Metallic had a separate HR
20  department in Humboldt, Tennessee.  We reported to
21  Lake Zurich, to CM Packaging.
22      Q.  And any employee that left let's say in
23  the year 2004 or early 2005, they would have taken
24  a laptop, would that have been stripped by the HR

43

1  department at CM Packaging or the HR department in
2  Humboldt for Chicago Metallic?
3      A.  It -- if you're a Lake Zurich employee,
4  the HR department in Lake Zurich was responsible
5  for doing that.
6          If you were a Humboldt, Tennessee
7  employee, the HR department in Tennessee was
8  responsible.
9      Q.  All right.  And so if I'm understanding
10  you correctly, it was Lake Zurich HR department?
11      A.  Yes.  Jenny worked out of Lake Zurich.
12      Q.  Is there any way that Ms. Bryan would have
13  known that that laptop should have been stripped?
14      A.  Common sense.
15      Q.  The -- when did you give that laptop to
16  her, when she was leaving?
17      A.  The acquisition was in October of '05, I
18  notified her when we sold the company, and she was
19  not being retained, and she stayed on for another
20  week, and it's during that week that she asked if
21  she could have her laptop.
22          I had given her a position in another
23  company called Focus, lined up a job for three of
24  the people in customer service, and she wanted to

44

11  (Pages 41 to 44)

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CMBB LLC,

        Plaintiff,

      v.

LOCKWOOD MANUFACTURING, INC., et al.,

        Defendants.

Case No. 08 cv 1201

Judge Shadur

Magistrate Judge Valdez

## PLAINTIFF CMBB LLC'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT LOCKWOOD MANUFACTURING, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff CMBB LLC ("CMBB") hereby submits the following interrogatories to Defendant Lockwood Manufacturing, Inc. ("Lockwood").

## DEFINITION

The following defined term is used for purposes of these interrogatories.

1.      "CMBB's Property" shall have the same meaning as that term is used in paragraph 8 of CMBB's Amended Complaint.

## INTERROGATORIES

Interrogatory No. 1:

Please provide the name and last known address and telephone number for each individual likely to have discoverable information concerning the subject matter of CMBB's Amended Complaint and/or Lockwood's Answer and identify the subject matter(s) of the information each individual has.

RESPONSE:

Interrogatory No. 2:

Identify each customer located in the United States and referenced in CMBB's Property that Lockwood has contacted and/or solicited during the period January 1, 2006 through January 1, 2008.

RESPONSE:

Interrogatory No. 3:

Identify each customer located in the United States and referenced in CMBB's Property that Lockwood sold products to during the period January 1, 2006 through January 1, 2008 and for each customer state the total dollar amount of such sales during that period of time.

RESPONSE:

<u>Interrogatory No. 4:</u>

Identify each customer located in the United States and referenced in CMBB's

Property that Lockwood sold products to prior to January 1, 2006.

<u>RESPONSE:</u>

Respectfully submitted,

CMBB LLC

By: _W. E P — I_

One of Its Attorneys

Edward N. Druck
Staci Ketay Rotman
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL  60606
(312) 986-0300

W. Evan Price, II (Ohio Bar No. 0056134)
BAILEY CAVALIERI LLC
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43215-3422
Telephone:   (614) 221-3155
Telefax:       (614) 221-0479
evan.price@baileycavalieri.com

## PROOF OF SERVICE

I hereby certify that the foregoing Plaintiff CMBB LLC's First Set of Interrogatories Directed to Defendant Lockwood Manufacturing, Inc. was served upon Defendants by sending a copy of it to Defendants' counsel  Anthony C. Valiulis, Esq., and Lorne T. Saeks, Esq., Much Shelist Denenberg Ament & Rubenstein, P.C., 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60606-1615 by Regular U.S. Mail, postage prepaid this 22nd day of July, 2008.

W. Evan Price II          (0056134)

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CMBB LLC,

        Plaintiff,

        v.

LOCKWOOD MANUFACTURING, INC., et al.,

        Defendants.

Case No. 08 cv 1201

Judge Shadur

Magistrate Judge Valdez

## PLAINTIFF CMBB LLC'S FIRST SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANT LOCKWOOD MANUFACTURING, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff CMBB LLC ("CMBB") hereby requests that Defendant Lockwood Manufacturing, Inc. ("Lockwood") produce and permit CMBB LLC ("CMBB") to inspect and copy the following designated documents on August 29, 2008, commencing at 9:00 a.m., at the offices of FRANCZEK SULLIVAN P.C., 300 South Wacker Drive, Suite 3400, Chicago, IL 60606. CMBB further requests that Lockwood serve its written response to the requests on or before August 26, 2008.

For purposes of these requests, the word, "documents," has the full meaning ascribed to it in Rule 34(A) of the Federal Rules of Civil Procedure.

For purposes of these requests, the phrase, "relating to," means comprising, constituting, quoting from, excerpting, paraphrasing, summarizing, abstracting, synopsizing, interpreting, construing, evaluating, analyzing, assessing,

dealing with, treating, addressing, memorializing, evidencing, reflecting, mentioning, referring to, bearing any relationship to and/or having to do with.

<u>Form of Production</u>

When a document described in any of the categories below exists as electronically stored information, please produce it in an electronic, searchable format that results from the document's direct conversion from its native format to PDF or TIFF format and not from the use of printing, scanning, and/or optical character recognition. Plaintiffs reserve the right to later request the corresponding metadata for each of the responsive documents.   If documents are produced in single-page TIFF format, Plaintiffs respectfully request that counsel provide load files designating "document breaks" and "attachment ranges."

<u>DEFINITION</u>

The following defined terms are used for purposes of these requests.

1.     "CMBB's Property" shall have the same meaning as that term is used in Paragraph 8 of the Amended Complaint.

## REQUESTS FOR PRODUCTION

Request for Production No. 1

All documents that Lockwood contends supports any of the responses and/or defenses set forth in Lockwood's Answer to CMBB's Amended Complaint.

RESPONSE:

Request for Production No. 2

All documents created since January 1, 2006 utilizing information contained in CMBB's Property including, but not limited to, mailing and/or price lists.

RESPONSE:

Request for Production No. 3

All catalogs and/or price lists sent to customers located in the United States and referenced in CMBB's Property during the period January 1, 2006 through January 1, 2008.

RESPONSE:

Request for Production No. 4

All documents relating to Lockwood's sale of products to customers located in the United States and referenced in CMBB's Property during the period January 1, 2006 through January 1, 2008.

RESPONSE:

Request for Production No. 5

All documents reflecting communications between and/or among Defendant Bryan, Patrick Murray and/or Cainco Equipamentos para Panificaco Ltd. ("Cainco") between October 1, 2005 and December 31, 2007 including, but not limited to, electronic mail and instant messages created with a program named Skype.

RESPONSE:

Request for Production No. 6

All contracts between Lockwood and Cainco, Lockwood and Bryan and/or Bryan and Cainco entered between January 1, 2005 and January 1, 2008.

RESPONSE:

Request for Production No. 7

All documents relating to products shipped by Cainco to Lockwood's warehouse in the United States between January 1, 2006 and May 31, 2008.

RESPONSE:

Request for Production No. 8

All documents reflecting Lockwood's communications with customers located in the United States and referenced in CMBB's Property between January 1, 2006 and January 1, 2008.

RESPONSE:

Request for Production No. 9

All documents reflecting communications between Lockwood or its employee

Bryan and current and/or formed employees of Chicago Metallic Corporation and/or CM

Products, Inc. between January 1, 2006 and January 1, 2008.

RESPONSE:

Respectfully submitted,

CMBB LLC

By:  *W. E P— II*

One of Its Attorneys

Edward N. Druck
Staci Ketay Rotman
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL  60606
(312) 986-0300

W. Evan Price, II (Ohio Bar No. 0056134)
BAILEY CAVALIERI LLC
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43215-3422
Telephone:   (614) 221-3155
Telefax:      (614) 221-0479
evan.price@baileycavalieri.com

## PROOF OF SERVICE

I hereby certify that the foregoing Plaintiff CMBB LLC's First Set of Requests for Production Directed to Defendant Lockwood was served upon Defendants by sending a copy of it to Defendants' counsel  Anthony C. Valiulis, Esq., and Lorne T. Saeks, Esq., Much Shelist Denenberg Ament & Rubenstein, P.C., 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60606-1615 by Regular U.S. Mail, postage prepaid this 22nd day of July, 2008.

W. Evan Price II          (0056134)