UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CMBB LLC )<br> )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>LOCKWOOD MANUFACTURING, INC., )<br>JENNIFER M. BRYAN, and )<br>CAINCO EQUIPAMENTOS PARA )<br>PANIFICADO LTD. )<br> )<br>    Defendants. ) | Case No. 08 CV 1201<br><br>Judge Shadur<br>Magistrate Judge Valdez |

**PLAINTIF CMBB LLC'S MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

I.   INTRODUCTION

Defendants' Motion for a Protective Order should be overruled because the discovery CMBB LLC ("CMBB") seeks focuses on the issue of whether CMBB acquired property protected by the Illinois Trade Secrets Act. Defendants claim that CMBB has served "extensive interrogatories and document requests relating to Lockwood's business practices and its customers and potential customers." (Motion at 5.) In truth, the "extensive" discovery served on Lockwood consists of four (4) interrogatories and eight (8) document requests that only seek business practices and customer information related to Lockwood's exploitation of CMBB's Property.[1] This information is directly related to the existence of a trade secret under the Illinois

---

[1] CMBB's Property as defined in the Amended Complaint means Chicago Metallic Corporation's confidential and trade secret information acquired by CMBB when it purchased Chicago Metallic's assets. These confidential and trade secrets included information related to hundreds of customers that detailed prior transactions including quotes, purchase orders, terms of sale, type of commercial baking pans purchased, customer-specific equipment listings (which revealed what type of commercial baking pans the customer would need to purchase), unique features related to the commercial baking pans purchased, shop drawings for commercial baking pans sold to specific customers, customer specific requirements and customer contact information.

Trade Secrets Act which requires that the information have economic value. Lockwood's exploitation of CMBB's Property and any resulting benefit is directly relevant to the issue of whether CMBB's Property has economic value.

Defendants also claim that responding to CMBB's discovery would be "extensive and costly" but they fail to provide any evidence supporting this contention or even identify which specific requests are burdensome and why. (Motion at 1.) Moreover, Defendants' have also failed to explain the basis for these concerns to CMBB's counsel and, indeed, failed to comply with Rule 26(c) of the Federal Rules of Civil Procedure before filing the instant motion. Indeed, Defendants' claims regarding the cost of responding are at odds with the deposition testimony of Jennifer Bryan and Lockwood's president, Patrick Murray, in prior litigation where they denied exploiting CMBB's Property for sales. (Deposition of Jennifer M. Bryan on August 19, 2007 ("Bryan Dep.") at 17/11-13.)[2] (Deposition of Patrick Murray on July 17, 2007 ("Murray Dep.") at 22/10-16.)[3] CMBB should be permitted to test the veracity of these claims through discovery. Moreover, if Lockwood did not use CMBB's Property, it is difficult to see why producing documents evidencing such use would entail any burden.

In the absence of any explanation regarding why the requested discovery would be burdensome, CMBB simply cannot evaluate or respond to these claims. Nonetheless, CMBB remains willing to consult with Defendants regarding any specific concerns and respond in good faith as required by Rule 26(c) of the Federal Rules of Civil Procedure. At the present time, however, Defendants' Motion is unsupported and should be overruled.

---

[2] Referenced pages of the Bryan Dep. are attached as Exhibit 1.
[3] Referenced pages of the Murray Dep. are attached as Exhibit 2.

385218.1

II.      ARGUMENT

    A.    Standard of Review.

Under liberal discovery principles of the federal rules, parties opposing discovery are required to carry a heavy burden of showing why discovery should be denied. Schaap v. Executive Industries, Inc., 130 F.R.D. 384, 389 (N.D. Ill. 1990) citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). Moreover, the party asserting an undue burden objection has the obligation to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery. Schacker v. Amer. Academy of Opthalmology, 106 F.R.D. 187 (N.D. Ill. 1985); Cardenas v. Dorel Juvenile Group, Inc., 232 F.R.D. 377 (D. Kan. 2005). Here, Defendants have completely failed to meet these burdens because they have failed to identify what specific discovery is objectionable or explain why it would be costly to respond. On this basis alone, Defendants' Motion should be denied. Equally important, Defendants are simply wrong in claiming that the discovery sought by CMBB is irrelevant to whether CMBB's Property is covered by the Illinois Trade Secrets Act.

    B.    Elements of a Trade Secret Under Illinois Law.

Defendants' Motion purportedly seeks to limit discovery to "those matters relevant to whether [CMBB] ever acquired any property protected by the Illinois Trade Secrets Act." (Motion at 5.) However, in arguing for this limitation, Defendants ignore the first part of the statutory definition addressing whether the information has economic value:

> information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers that:
>
>     1.    is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and

3

>   2. is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d). Much of the discovery sought by CMBB seeks to establish that CMBB's Property was economically valuable with the most compelling evidence available – Lockwood's efforts to exploit the data and any sales realized through those efforts.

Specifically, CMBB has asked Lockwood to identify those customers referenced in CMBB's Property that Lockwood solicited (Interrogatory No.2), the total dollar amount of any sales to those customers (Interrogatory No. 3) and to identify any of those customers that Lockwood sold to before it acquired CMBB's Property (Interrogatory No. 4).[4] CMBB has also requested documents created by Lockwood utilizing CMBB's Property (Document Request No. 2), documents reflecting sales to customers referenced in CMBB's Property (Document Request No. 4) and documents reflecting communications with those same customers (Document Request No. 8).[5] All of this information is relevant to whether Lockwood derived economic value from CMBB's Property and, therefore, to whether CMBB's Property satisfies the first element of the definition of a trade secret under Illinois law, namely, the question of economic value. Therefore, Defendants' Motion should be overruled with respect to these interrogatories and document requests.

This evidence may also serve to rebut the testimony of Ms. Bryan that she did not utilize CMBB's Property to generate sales leads. As detailed below, such impeachment evidence may be important in rebutting Ms. Bryan's claims about how she acquired CMBB's Property since her version of those events is central to Defendants' possible summary judgment motion as well as the instant motion. Conversely, if Ms. Bryan's testimony regarding her use of CMBB's

---

[4] A copy of CMBB's First Set of Interrogatories is attached Exhibit 3.
[5] A copy of CMBB's First Set of Document Requests is attached as Exhibit 4.

Property is true, it is difficult to see how the requested discovery could be "extensive and costly." (Motion at 1.) Indeed, CMBB should be permitted to discover the nature and extent of Lockwood's use of CMBB's Property to prepare for the possibility that Lockwood may once again claim that CMBB's Property was of minimal value in Defendants' promised summary judgment motion.

      C.    <u>Defendants' Claims Regarding Ms. Bryan's Laptop Support CMBB's Discovery Requests</u>.

The crux of Defendants' Motion is the circumstances under which Ms. Bryan was permitted to keep her laptop when she left Chicago Metallic and the implicit suggestion that Ms. Bryan properly acquired CMBB's Property with the laptop. Strangely, Defendants' Motion does not explicitly adopt Ms. Bryan's testimony that she acquired CMBB's Property with the laptop. Instead, Defendants suggest that CMBB credits Ms. Bryan's testimony. (Motion at 2 citing Compl. ¶15.) In truth, CMBB seriously questions Ms. Bryan's version of events and paragraph 15 of the Amended Complaint only alleges that <u>Ms. Bryan testified</u> that the information was on the laptop:

> At her deposition in a case involving Lockwood and American Pan Company venued in the Southern District of Ohio, Ms. Bryan testified that prior to leaving Chicago Metallic's employ, she accessed certain of CMBB's Property and copied it to her laptop. Ms. Bryan knew CMBB's Property constituted confidential information and/or trade secrets. Chicago Metallic did not know of or assent to Ms. Bryan taking CMBB's Property on her laptop.

(Amended Compl. at ¶15.)

In the next paragraph, CMBB alleges that Ms. Bryan acquired CMBB's Property the following January when it was actually copied to the hard drive of her laptop as revealed by a forensic

computer examination of the laptop. (Amended Compl. at ¶16; Affidavit of Paul Webel ("Webel Aff.") at ¶6.)[6]

Defendants also claim that Ms. Bryan's supervisor, Richard Barton, knew the laptop contained <u>some</u> customer information. But they conveniently ignore his testimony that he would not have expected her to copy the <u>entire</u> database from Chicago Metallic's central computer network onto her laptop. (Deposition of Richard Barton on September 17, 2007 ("Barton Dep.") at 46/7 – 47/13.)[7]

The reasonableness of the steps taken by Chicago Metallic to protect the confidentiality of CMBB's Property prior to the sale is obviously an issue in this case. The circumstances under which Mr. Barton allowed Ms. Bryan to keep the laptop are potentially relevant to that issue. However, the weight accorded to that evidence may depend, in large part, on how and when CMBB's Property was actually acquired by Ms. Bryan. If, as indicated by the forensic examination of Ms. Bryan's laptop, she did not acquire the database until several months after Mr. Barton gave her the laptop, this evidence will weigh heavily in evaluating the reasonableness of Mr. Barton's actions and his expectation that Ms. Bryan would not have a copy of the entire Chicago Metallic database on her laptop.

In light of these open questions, CMBB's discovery requests seek information related to Defendants' claims regarding the laptop. Specifically, CMBB has requested documents reflecting communications between Ms. Bryan, Lockwood and Cainco before March 1, 2006 (Document Request No. 5) to see if they contain any mention of how the information was acquired as well as communications between Ms. Bryan and current and former employees of Chicago Metallic and its affiliate CM Products (Document Request No. 9). This discovery is

---

[6] The Webel Affidavit is attached hereto as Exhibit 5.
[7] Referenced pages of the Barton Dep. are attached as Exhibit 6.

directly related to an issue Defendants claim will be addressed in a summary judgment motion. Therefore, Defendants' motion should be overruled with respect to these requests as well.

    D.    <u>CMBB's Remaining Discovery Requests Should Not Be Extensive Or Costly</u>.

CMBB's remaining requests for production should involve only minimal expense. First, CMBB has asked Lockwood to identify witnesses and to produce any documents that Lockwood contends supports any of the responses or defenses set forth in its answer. (Interrogatory No. 1 and Document Request No. 1.) Second, as suggested by the Court in conjunction with the dismissal of Cainco Equipamentos Para Panificado, Ltd. ("Cainco") based on lack of personal jurisdiction, CMBB has requested documents to clarify Cainco's relationship with the remaining parties and its contacts with the forum. Specifically, CMBB has requested catalogues and price lists sent to customers contained in CMBB's Property to ascertain the extent of Cainco products offered (Document Request No. 3); communications and/or contracts between Cainco and Lockwood and/or Ms. Bryan (Document Request Nos. 5 and 6); and documents relating to shipments by Cainco to Lockwood's Illinois warehouse (Document Request No. 9). Based on the claims in Cainco's Motion to Dismiss, the last request should create no burden since no such documents should exist if Defendants' claims are true. Therefore, there is no simply basis to grant a protective order with respect to these requests.

III.    <u>CONCLUSION</u>

CMBB remains prepared to address any legitimate cost objections raised by Lockwood by narrowing certain requests. However, in the absence of any explanation of those costs and why they will be incurred, CMBB is currently unable to respond. Of course, the lack of any explanation also fatally undermines Defendants' Motion for a Protective Order. For all of the foregoing reasons, Defendants' Motion should be denied.

          Respectfully submitted,

          CMBB LLC

By:   <u>s/Edward N. Druck - 06206868</u>
       One of Its Attorneys

Edward N. Druck – 06206868
end@franczek.com
Staci Ketay Rotman – 06243241
skr@franczek.com
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL  60606
(312) 986-0300

W. Evan Price, II (Ohio Bar No. 0056134)
BAILEY CAVALIERI LLC
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio 43215-3422
Telephone:   (614) 221-3155
Telefax:   (614) 221-0479
evan.price@baileycavalieri.com

8

385218.1

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a true and correct copy of the foregoing **PLAINTIFF CMBB LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** to be filed using the CM/ECF system which will send notification of such filing to the following on this 5th day of September, 2008:

>Anthony C. Valiulius
>Lorne Todd Saeks
>Cassandra M. Crane
>Much Shelist Denenberg Ament & Rubenstein, P.C.
>191 North Wacker Drive, Suite 1800
>Chicago, IL 60606

>s/Edward N. Druck - 06206868
>Edward N. Druck

385218.1